UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| Ma. Magdalena Moreno Rodriguez., <br> *Plaintiff* <br><br> v. <br><br> Merrick B. Garland, U.S. Attorney General, <br> Ur M. Jaddou, USCIS Acting Director <br> Norma Limon, USCIS District Director <br> *Defendants* | Civil Action No. _____ |

**PLAINTIFF'S COMPLAINT FOR WRIT IN THE
NATURE OF MANDAMUS UNDER THE ADMINSTRATIVE
AND DECLARATORY JUDGMENT ACT**

COMES NOW Ma. Magdalena Moreno Rodriguez, Plaintiff in the above- styled and numbered cause, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident statues properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have not forwarded the approval to the State Department to the detriment of Plaintiff. Plaintiff sues under the Declaratory Judgment Act 28 U.S.C 2201. Plaintiff will also show that they were legally wrong due to agency action and as entitled to Judicial review U.S.C. 702.

**PARTIES**

2. Plaintiff is a native and citizen of Mexico. She entered the United States as an immigrant B1/B2 category on July 5, 2011. Plaintiff filed a petition on February 6, 2017 and was scheduled to have an interview on November 13, 2017. On November 13, 2017, USCIS sent her a Request for Evidence. On February 8, 2018, the Plaintiff responded to that

request, but USCIS has determined that the response is insufficient to prove their eligibility for adjustment. On August 24, 2018, she received a denial of the application.

3. Defendant Merrick B. Garland is Attorney General of the United States, and this action is brought against him in his office capacity. He is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC § 1103 (a). More specifically, the Attorney General is responsible for the adjudication and Nationality Act (INA), 8 USC  § 1255. The Immigration and Naturalization Service is an agency within the Department of Justice to whom the Attorney General's authority has been delegated and is subject to the Attorney General's supervision.

4. Defendant, Ur M. Jaddou as the Acting Director is an official of United States Citizenship and Immigration Services (USCIS) generally charged with Supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g) (2) (ii)(B). As well be shown, Defendant Acting Director is the official with whom Plaintiff's request of the Original Documents submitted with the Request of Evidence properly filed.

5. Defendant, Norma Limon District Director is an official of United States Citizenship and Immigration Services (USCIS) generally charged with Supervisory authority over all operations of the USCIS within his/her District with certain specific exceptions not relevant here. 8 CFR § 103.1(g) (2) (ii)(B). As well be shown, Defendant District Director is the official with whom Plaintiff' application for Lawful Permanent Resident status were properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC § § 2201 (Declaratory Judgment Act).

## VENUE

7. Venue is proper in this court, pursuant to 28 USC § 1391 (e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiff's claim occurred. Plaintiff's application for lawful permanent resident status was denied. The after a denial the proper procedure will be for the agency to issue a Notice to Appear to Plaintiff can present revision case in immigration court. Plaintiff knowledge remains pending with the Houston INS District Director. Also, federal question stated under 28 U.S.C § 1331 is basis for review of agency action.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted his administrative remedies. Plaintiff has, through his attorney, made numerous inquiries trying to resolve this issue and to no avail.

## CAUSE OF ACTION

9. Since USCIS has not issued a Notice to Appear. Plaintiff's only remedy at this point is this Mandamus action.

10. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 701 et seq., are unlawfully withholding or unreasonable delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

11. Plaintiff has made numerous statues inquires in an attempt to secure adjudication of his application, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

12. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter and order:

    (a) Requiring Defendants to issue Plaintiff a Notice to Appear.

    (b) Awarding Plaintiff reasonable attorney's fees; and

    (c) Granting such other relief at law and in equity as justice may require.

Respectfully submitted

By: */s/ Anthony Matulewicz*
Anthony Matulewicz
521 S. Broadway
McAllen, Texas 78501
Phone: (956) 972-0330
Fax: (956) 972- 0353
Federal Bar: 15710